IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald C. Sweat, #257472, | ) CIVIL ACTION NO. 9:09-2041-HFF-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Kevin E. Williams, Lt. Curtis Bufford, and Jimmy White, official and individual capacities, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants while he was incarcerated at the Alvin S. Glenn Detention Center in Richland County, South Carolina.

Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 10, 2009. The Defendants filed a memorandum in opposition to Plaintiff's motion on November 30, 2009, to which Plaintiff filed a reply memorandum on December 8, 2009. The Defendants thereafter filed their own motion for summary judgment on January 11, 2010, following which a Roseboro order was entered by the Court advising the pro se Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff filed a memorandum in opposition to the Defendants' motion for



summary judgment on January 19, 2010.

These motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff, a frequent filer of litigation in this Court, alleges in his verified complaint[2] that on June 30, 2008 he was being escorted to his housing unit when he stopped to rest his back. Plaintiff alleges that the Defendant Bufford, a Lieutenant, asked him what the problem was, and Plaintiff alleges that he told Bufford that he had a back injury that would render him unable to stand in the shower or sit up straight for any long period of time. Plaintiff alleges that Bufford told him to "lets walk and talk about on the way to the SHU". Plaintiff alleges that when they arrived at the SHU, Bufford only told the Defendants Williams and White (correctional officers) "to take care of him" and then left.

Plaintiff alleges that he "protested" to being placed in the shower, and that he was then "grabbed" by Williams and White and thrown into the shower, where Plaintiff alleges he stayed and complained about his pain and discomfort for over an hour and thirty minutes. Plaintiff further alleges that during a previous "disciplinary" he had been told by the duty officer that, because of his medical status, he would not be placed in the SHU for his own safety and was ordered back to the medical unit, and that Bufford should have had the same "state of mind" to ensure his safety "but

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Both parties have filed motions for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

- 2 -



did not". Plaintiff seeks monetary damages. See generally, Plaintiff's Verified Complaint.

Plaintiff has attached to his complaint copies of three inmate grievances (No. 08-1609, 08-845, and 08-1610), none of which appear to relate to the claim Plaintiff is asserting in this lawsuit.[3] Plaintiff has also attached a copy of an inmate notice of disciplinary charges and detention dated June 30, 2008, as well as a second notice of disciplinary charges and detention form dated June 28, 2008. Finally, Plaintiff has submitted a copy of a medical request form dated June 12, 2008, wherein he is requesting to be seen about his "chest pains and blackouts". Plaintiff also complains in this form about trouble standing up for long periods of time or sitting straight up, and experiencing sharp back and neck pains. See Exhibits to Plaintiff's Complaint.

Plaintiff did not submit any evidence with his motion for summary judgment; however, Plaintiff did attach numerous exhibits to a document styled "Objection to Defendants' Answer" filed October 21, 2009. These documents include a copy of an Incident Report dated June 30, 2008, submitted by the Defendant White, indicating that Plaintiff had been instructed to put something down (illegible in report) and to step into the shower to be strip searched, but that Plaintiff "refused all orders [and] stated he was not going into no shower and walk off." The Incident Report reflects that Plaintiff was then physically placed into the shower by White and Williams. With respect to receiving a cell assignment, the Incident Report indicates that Plaintiff was told several times that no cell was available prior to the incident. Plaintiff has also submitted a copy of the Incident Report submitted by the Defendant Williams, which indicates that pursuant to procedure, Plaintiff was required to wait in the shower area until he received a room assignment.

---

[3]These grievances may relate to other lawsuits Plaintiff has filed concerning alleged violations of his constitutional rights while he was housed at the Alvin Glenn Detention Center.



Williams' incident report states that Plaintiff refused to enter the shower area even after several verbal orders, leaving the officers with no choice, and that he and White "took control of [Plaintiff's] arms one each and placed him into the shower unit closing door behind us". Plaintiff has also submitted copies of some previous jail reports from when Plaintiff slipped in the shower on May 12, 2008, some copies from what appears to be portions of previous court rulings and/or opinions, and other miscellaneous documents. As attachments to his memorandum opposing summary judgment, Plaintiff has submitted copies of these same documents, as well as other miscellaneous documents concerning previous medical requests he had filed, which include copies of documents previously submitted and referenced.

In support their motion for summary judgment the Defendants have submitted numerous affidavits and exhibits. However, for purposes of this opinion, it is only necessary to discuss one of Defendants' evidence submissions. Specifically, the Defendants have submitted an affidavit from Kathryn Harrell, who attests that she is the Assistant Director of the Alvin S. Glenn Detention Center, where she is responsible for the day to day operation and administration of the Detention Center. Harrell attests that she has reviewed Plaintiff's inmate file, a copy of which is attached to her affidavit as Exhibit A. Harrell attests that the Detention Center has a grievance system in place that allows inmates to file written complaints regarding the facility or its operations, including complaints relating to alleged unprofessional or abusive actions by staff members, and that as part of the grievance system, inmates may appeal the staff response to the Assistant Director or the Assistant Director's designee.

Harrell attests that the Detention Center's grievance procedure is available to all inmates, and that an inmate's grievances are kept within his inmate file. Harrell attests, inter alia,



that Plaintiff filed numerous grievances while housed at the Detention Center, but that she is not aware of any grievance Plaintiff filed referencing being placed in the showers at the Detention Center. A review of Plaintiff's inmate file (Attachment A to Harrell's Affidavit) confirms that it does not include a grievance specifically referencing the incident set forth in Plaintiff's complaint.[4]

Plaintiff did not respond to Harrell's sworn testimony in his response to the Defendants' motion for summary judgment, nor has he submitted any evidence to contest Harrell's representations or evidence.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts

---

[4]Plaintiff's file does contain what appears to be a copy of a request to prison authorities for copies of documents he wants in order to pursue lawsuits he has filed, in which he references being "thrown" into the shower by Officer White. The only grievance or complaint he cites with respect to any individual named as a Defendant in this lawsuit is a complaint he made against the Defendant Williams which Plaintiff indicates was "unanswered". However, that complaint was dated May 19, 2008, which was prior to the incident Plaintiff is complaining about in this lawsuit. In any event, this document (Bates No. 8232-A0057) is not a grievance.

- 5 -



which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

Defendants argue in their brief, inter alia, that the complaint should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the detention center.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this



burden, the Defendants have submitted an affidavit from Assistant Director Harrell at the Detention Center, in which she attests that the Detention Center has a grievance system in place that allows inmates to file written complaints regarding the facility or its operations, and that as part of that grievance system, inmates may appeal the staff response to a grievance to the assistant director or the assistant director's designee. Harrell further attests that Plaintiff has not filed any grievances related to the specific allegations set forth in his complaint, and a review of the grievances included in Plaintiff's inmate file (Exhibit A to Harrell Affidavit) as well as the grievances Plaintiff has attached to his complaint confirm that none of these grievances relate to the specific claim being asserted in this lawsuit.

In sum, Plaintiff has provided no evidence to dispute the Defendants' evidence and arguments, and indeed does not even respond to this evidence or to Harrell's affidavit in either his own motion for summary judgment or in his response to the Defendants' motion for summary judgment. Therefore, the evidence before the Court is sufficient to establish Plaintiff's failure to pursue and exhaust his administrative remedies prior to filing this lawsuit, justifying dismissal on this ground. See Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; cf. Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; Deschaine v. McLaughlin, No. 08-1279, 2010 WL 935662 at * 9 (D.Colo. Mar. 9, 2010); Jacobs v. Pennsylvania Dep't of Corrections, 148 Fed. Appx. 107 at * * 2 (3d Cir. 2005)[Case was dismissed for failure to



exhaust where although Plaintiff alleged that he had documents to show exhaustion, he never filed the documents and made no other attempt to support his bare assertion].

## **Conclusion**

Based on the foregoing, the undersigned finds that the Defendants have met their burden of establishing that Plaintiff failed to exhaust his administrative remedies with respect to his claim prior to filing this lawsuit. Therefore, it is recommended that the Plaintiff's motion for summary judgment be **denied**, that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 26, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

