

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| REGINALD C. SWEAT,<br>　　　　　Plaintiff,<br><br>vs.<br><br>KEVIN E WILLIAMS, LT CURTIS<br>BUFFORD, and JIMMY WHITE,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:09-2041-HFF-BM |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff, a former pre-trial detainee, is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for summary judgment be denied, that the Defendants' motion for summary judgment be granted, and that this case be dismissed for Plaintiff's failure to exhaust his administrative remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 26, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on April 5, 2010.

> A.    *Exhaustion of Administrative Remedies*

In the Report, the Magistrate Judge concluded that Plaintiff, a frequent filer of lawsuits with the Court, had failed to exhaust his prison administrative remedies as to the incident asserted in his complaint, namely that prison officials acted with excessive force and with deliberate indifference to his medical condition in placing him in the shower on "cool down." According to the Report, Plaintiff has filed numerous grievances with prison officials, but none of those address the incident complained of in this lawsuit.

Plaintiff filed lengthy objections to the Report, which, construed liberally, essentially consist of two arguments: (1) Contrary to the Magistrate Judge's conclusion, he actually exhausted his administrative remedies in this case; and (2) even if he failed to exhaust his remedies, he should be excused from doing so because Defendants have a history of interfering with and not responding to his grievances. Because the Court decides the first argument in Plaintiff's favor, the Court need not reach the second.

As to the first argument, throughout his objections, Plaintiff cites the following language from a document in his inmate file as proof that he exhausted his administrative remedies: "and then I was escorted to SHU where officer [sic] grabbed me (Officer White) and threw me into the shower after I told them I have problems standing for long periods of time." (Def.'s Mot. for Summ. J. Ex. A to Harrell Affidavit at Bates No. 8232-A-0057.) In footnote four of the Report, the Magistrate

Judge cited this reference and noted that it appeared to be included as part of a request to prison authorities for copies of documents to aid Plaintiff in his various civil lawsuits. (Report 5 n.4.) The Magistrate Judge concluded by noting, "In any event, this document (Bates No. 8232-A0057) is not a grievance." (Report 5 n.4.)

Plaintiff disagrees, and he insists that this document is part of a grievance. Specifically, Plaintiff asserts that it is the back of grievance number 08-1609, which he filed on September 20, 2008. The front of the grievance complains about mice, ants, and spiders in the prison, but it contains an arrow, indicating that it continues on the back. The grievance response, also on the front page, addresses much more than simply rodents and insects, suggesting that the grievance does continue on the back of the form. In fact, as Plaintiff points out in his objections, the grievance response appears to correspond with issues presented on what Plaintiff insists is the "back" of the grievance. Thus, Plaintiff's assertion that this document is part of a grievance is supported by the evidence.[1] Therefore, after having considered Plaintiff's Objections, the Court agrees with Plaintiff that he at least alluded to the incident complained of in grievance number 08-1609.

Nonetheless, even if Plaintiff filed a grievance, to fully exhaust his administrative remedies, he must appeal any adverse determination. As described in the Report, the Alvin S. Glenn Detention Center (ASGDC) requires that an inmate appeal a staff response to a grievance to the assistant director or the assistant director's designee. The assistant director of the ASGDC is Kathryn Harrell.

Scattered throughout his lengthy objections, Plaintiff maintains that he sent several letters

---

[1] Given the record at the time the Magistrate Judge filed the Report, the Magistrate Judge's contrary conclusion was certainly justifiable because it was not apparent that the page Plaintiff relies on corresponded to a grievance in light of the manner in which Plaintiff's inmate file was filed with the Court.

to Ms. Harrell regarding this incident, but she failed to respond or address his complaints. (Pl.'s Objections 2, 4, 5.) To support his claims, Plaintiff references a "debit form," which he attached to his original complaint. This form was evidently completed by Plaintiff on July 21, 2009, at his present place of confinement, the Kershaw Correctional Institution, and it indicates that Plaintiff paid $1.32 for photocopies and notarization of a letter to be mailed to the ASGDC. (Pl.'s Compl. Ex. 2.) According to Plaintiff, this form is proof that he mailed a letter to Ms. Harrell asking for a response to his appeals and complaints.

Given the current posture of this case and viewing the evidence in the light most favorable to Plaintiff, the Court agrees with Plaintiff that, at a minimum, the evidence creates a genuine issue of material fact regarding whether Plaintiff properly exhausted his administrative remedies. Thus, Defendants' motion for summary judgment on the question of exhaustion will be denied.

B.    *Merits of Plaintiff's Complaint*

Because the Magistrate Judge concluded that Plaintiff did not exhaust his administrative remedies, he failed to reach the merits of Plaintiff's arguments. Nonetheless, the parties have fully briefed the Court on the merits. Thus, those issues are ripe for consideration.

Construed liberally, Plaintiff alleges that Defendants violated his constitutional rights by inflicting cruel and unusual punishment on him in placing him in the shower for an hour and a half on June 30, 2008.[2] As summarized in the Report, Plaintiff alleges

> that on June 30, 2008, he was being escorted to his housing unit when he stopped to rest his back. Plaintiff alleges that the Defendant Bufford, a Lieutenant, asked him what the problem was, and Plaintiff alleges that he told Bufford that he had a back injury that would

---

[2] Plaintiff does not allege that the shower was running, only that he was forced to remain in the shower for one hour and thirty minutes.

render him unable to stand in the shower or sit up straight for any long period of time. Plaintiff alleges that Bufford told him to "lets walk and talk about on the way to the SHU." Plaintiff alleges that when they arrived at the SHU, Bufford only told the Defendants Williams and White (correctional officers) "to take care of him" and then left.

Plaintiff alleges that he "protested" to being placed in the shower, and that he was then "grabbed" by Williams and White and thrown into the shower, where Plaintiff alleges he stayed and complained about his pain and discomfort for over an hour and thirty minutes.

(Report 2.) Plaintiff also alleges that Defendants should have known that he had back problems and was unable to sit or stand in the shower for such an extended period of time.

In their motion for summary judgment, Defendants fail to deny these basic facts. However, Defendants insist that Plaintiff was placed in the showers for several reasons:

First, Defendant White attests he ordered Plaintiff to go to the shower to change uniforms and be strip searched. See Affidavit of Jimmy White ¶ 4-5. Plaintiff refused these orders, which constitutes a violation of policy. Id. ¶ 5. After refusing these orders, Plaintiff began to walk into the open area of SHU. Id. SHU is a closed pod where no inmate is allowed to walk around in the open area unrestrained; as such, Plaintiff was in violation of ASGDC rules when he began to walk out into the open area of SHU. Id. ¶ 6. As a result of these rule violations, Plaintiff was escorted by Defendant White and Officer Earl Williams to the shower, placed in the shower, and instructed to change uniforms.

(Defs.' Mem. in Supp. of Summ. J. 6.)

Defendants further contend that Plaintiff had to remain in the showers for several reasons related to prison security including,

First, Plaintiff needed to be seen by classification officers to determine his cell assignment. Id. ¶ 10. An inmate must be assigned a cell and roommate, with deference to separation flags and security issues, and often, an inmate may need to be released from SHU to make bed space available for the incoming inmate. Id. Second, as SHU is a closed pod, no inmate can remain in the open area

> unrestrained, so Plaintiff was placed in the shower area for sufficient confinement to maintain security considerations. Id. Finally and most importantly, Plaintiff created a disruption in SHU by his refusal to obey orders. Id. Plaintiff's actions necessitated that he not be left in an open area. Id.

(Defs.' Mem. in Supp. of Summ. J. 6.)

In his response to Defendants' motion for summary judgment, Plaintiff confirms most of these additional facts. First, he declares that the reason he was headed back to the SHU in the first place is because he had gotten into a verbal altercation with another officer. (Pl.'s Resp. to Defs.' Mot. for Summ. J. 1.) Second, he admits the he had to remain in the showers because he was being disciplined for disobeying a direct order. (Pl.'s Resp. to Defs.' Mot. for Summ. J. 1.) Plaintiff equates this "discipline" with "punishment" in violation of the Fourteenth Amendment. Finally, Plaintiff confirms that he refused to go into the showers upon being asked, arguing that doing so would have been harmful to his back and neck. (Pl.'s Mot. for Summ. J. 2.)

Plaintiff is essentially asserting two constitutional arguments related to the shower incident. The first is that Defendants acted with excessive force in placing him in the shower and the second is that Defendants acted with deliberate indifference to his medical needs in leaving him in the shower for an hour and a half. Each of these will be considered in turn.

### 1.    Excessive Force Claim

Construed liberally, Plaintiff alleges that Defendants acted with excessive force in physically placing him in the shower.

> A pretrial detainee's claim of excessive force is governed by the Due Process Clause of the Fourteenth Amendment. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). To succeed on such a claim, the plaintiff must demonstrate that the defendant "inflicted unnecessary and wanton pain and suffering" upon the detainee. *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986); *Iko v.*

> *Shreve*, 535 F.3d 225, 239 (4th Cir. 2008). This determination turns
> on whether the force was applied "in a good faith effort to maintain
> or restore discipline or maliciously and sadistically for the very
> purpose of causing harm." *Whitley*, 475 U.S. at 320-21 (internal
> quotation marks omitted); *Wilkins v. Gaddy*, 130 S. Ct. 1175, 175 L.
> Ed. 2d 995 (2010) (describing this as the "core judicial inquiry").
> Moreover, we must accord due deference to an officer's efforts to
> restrain a detainee when faced with a dynamic and potentially violent
> situation; otherwise, "we would give encouragement to
> insubordination in an environment which is already volatile enough."
> *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999).

*Scarbro v. New Hanover County*, No. 08-1644, 2010 U.S. App. LEXIS 6782 at *6 (4th Cir. Apr. 1,

2010).

Applying this recent guidance from the Court of Appeals for the Fourth Circuit, the Court

finds that Plaintiff has failed to state a claim for excessive force in violation of the Constitution. In

particular, Plaintiff fails to demonstrate that the actions taken against him were unnecessary or for

the purpose of inflicting pain. As noted above, Plaintiff was placed in the showers so that he could

be detained in a safe place until a cell in the SHU was prepared for him. More importantly, Plaintiff

admits that the reason any force at all was used against him was because he refused to walk into the

shower. Plaintiff fails to clearly allege or present any credible evidence that force was used against

him for the purpose of causing harm. Moreover, to find excessive force in this instance would run

contrary to the Fourth Circuit's guidance in *Grayson* and would certainly encourage further

insubordination. The Supreme Court has recognized that "courts must give substantial deference to

prison management decisions." *Wilkinson v. Austin*, 545 U.S. 209, 228 (2005). The Fourth Circuit

has taken this idea further by noting that "courts are not in the business of running prisons" and that

considerations of prison management are properly "weighed by the legislature and prison

administration rather than a court." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994) (citations

omitted).   Applying these legal principles, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's excessive force claim.

### 2.    Deliberate Indifference to Medical Needs

Related to his claim of excessive force is Plaintiff's allegation that Defendants were deliberately indifferent to his back and neck pain when they left him in the shower for an hour and a half.  As noted above, as a pre-trial detainee, Plaintiff's claims are analyzed through the lens of the Due Process clause of the Fourteenth Amendment.  "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992).  "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.*   "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.' " *Bell v. Wolfish*, 441 U.S. 520, 537 (1979).  "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538.  In doing so, the *Bell* Court noted, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

"In order to state a claim [for deliberate indifference], a prisoner must allege that "the prison official acted with a sufficiently culpable state of mind and ... [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious." *Smith v. Smith* 589 F.3d 736, 738 (4th Cir. 2009) (citations omitted).  Plaintiff has failed to demonstrate either of these requirements.

The Supreme Court has "found that deliberate indifference can be manifested in at least the following three manners: 'by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.' " *Id.* at 738-39 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). Interpreting *Estelle*, another court in this Circuit noted that, "a prisoner cannot state a constitutional claim if he has only minor medical needs. Neither can he state a claim if his needs are inadvertently neglected." *Goff v. Bechtold*, 632 F. Supp. 697, 698 (S.D.W. Va. 1986).

As noted above, Plaintiff has failed to demonstrate that Defendants acted with a culpable state of mind. Instead, the undisputed evidence establishes that Plaintiff had disobeyed an order from prison guards and was placed in the shower for containment and security purposes. Plaintiff has also failed to demonstrate that being forced to remain in the shower for ninety minutes was "sufficiently serious" or caused him more than de minimus discomfort. Throughout this case, he has insisted that, given his medical condition, he should not be forced to sit or stand for long periods of time. Assuming this is true, while he was contained in the shower, there is nothing in the record to suggest that Plaintiff was not free to sit or stand or move around as the space allowed. Moreover, aside from his discomfort, Plaintiff has failed to demonstrate that this incident aggravated his existing injury or caused any serious physical harm. Thus, even if Defendants knew or should have known about his medical condition, Plaintiff's allegations fail to rise to the level of a constitutional violation. Therefore, the Court will grant Defendants' motion for summary judgment on the merits.

Along with his Objections, Plaintiff also filed a motion for de novo review [43] of his medical records. On April 21, 2010, Plaintiff filed a second motion for de novo review [46] of his inmate grievances. As noted above, this Court's review is de novo as to the portions of the Report

to which Plaintiff objects.  Thus, Plaintiff's motions for de novo review are **GRANTED** to this extent.

Plaintiff also filed a motion to compel [44] Defendants to produce the letters demonstrating that he attempted to appeal his grievances related to this issue.  However, as the Court has ruled in favor of Plaintiff on the question of exhaustion, this motion is **MOOT**.

Therefore, it is the judgment of this Court that Plaintiff's motion for summary judgment is **DENIED** and Defendants' motion for summary judgment is **GRANTED** as provided herein.  The additional facts and background information set forth in the Report are incorporated herein by reference to the extent that they are not inconsistent with this Order.

**IT IS SO ORDERED**.

Signed this 29th day of April, 2010, in Spartanburg, South Carolina.


s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE


***** 
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.